UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of MOBITV INC., | Civil Action No. 09-cv-7071 (DLC) |
| Related to | |
| UNITED STATES OF AMERICA, Plaintiff, v. AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, Defendant. | Civil Action No. 41-cv-1395 (DLC) |

**MOTION *IN LIMINE* TO STRIKE PARAGRAPHS 23-30, 36, TABLE 1 AND APPENDICES A-H TO THE DECLARATION OF PAUL VIDICH**

The American Society of Composers, Authors & Publishers ("ASCAP"), by their undersigned attorneys, respectfully submits this memorandum of law and accompanying march 24, 2010 declaration of Jordan S. Paul ("Paul Decl.") in support of its motion *in limine* to strike paragraphs 23-30, 36, Table 1 and Appendices A-H of the March 16, 2010 Declaration of Paul Vidich ("Vidich Declaration") that constitute impermissible charts and summaries and hearsay declarations under Federal Rule of Evidence ("FRE") 1006 and inadmissible hearsay under FRE 703.

**I.    The Third Party Summaries And Charts And Hearsay Declarations Included In The Tables And Appendices To The Vidich Declaration Must Be Stricken Where Mobi Has Never Furnished ASCAP Or This Court With The Underlying Data**

On March 19, 2010, Mobi submitted the Vidich Declaration, which in large measure repeats the pre-trial disclosures made by Mr. Vidich. However, in its submission, Mobi added as exhibits a number of declarations from record label executives and in-house lawyers ("Third

1

Party Declarations"), which, in turn, attach what purport to be summary charts and tables of allegedly voluminous underlying data and documents. (*See* Paul Decl. at ¶¶ 3-4; Vidich Decl., Table 1 and Appendices A-H). These Third Party Declarations contain not only the worst kind of rank hearsay, double hearsay, and speculation, but violate Federal Rule of Evidence 1006.

Neither Mobi, nor the third parties whom Mobi issued exceedingly broad subpoenas to, have provided ASCAP with the underlying data supporting the summary charts and tables, and therefore ASCAP has had no opportunity to test the basis for, veracity or accuracy of the summaries. (Paul Decl. at ¶ 5). FRE 1006 permits introduction of summaries of voluminous data, only where copies of the underlying data has been furnished to the opposing party. FRE 1006. *See also Torah Soft Ltd. v. Drosnin*, 2003 WL 22024074, No. 00 Civ. 0676, at *5-6 (S.D.N.Y. Aug. 28, 2003) (excluding exhibits that "are simply compendia of many individual documents," were not "individually identified," and " a mere digest of information"); *Oba Hassan Wat Bey v. City of New York*, 2009 U.S. Dist. LEXIS 64211, at *3, No. 99 Civ. 3873 (S.D.N.Y. July 16, 2009) (summaries not admissible unless underlying data and documents produced); *Margel v. E.G.L. Gem Lab Ltd.*, 2008 U.S. Dist. LEXIS 41754, at *16, No. 04 Civ. 1514 (S.D.N.Y. May 29, 2008) (same).

Here, Mobi has failed to produce any of the underlying data behind the numerous summaries attached to the Vidich Report. (Paul Decl. at ¶ 4). To make matters worse, although Mobi apparently obtained the Third Party Declarations, which supposedly "authenticate" the summaries in December 2009 and early January 2010, **Mobi never even provided ASCAP with the declarations**. (Paul Decl. at ¶ 4). They were certainly not made a part of the expert reports submitted by Mr. Vidich, and no supplement was ever made, even though he was deposed in this matter on December 22nd and submitted a nearly identical report in the co-pending Verizon

2

matter on January 25, 2010. (Paul Decl. at ¶ 6). For that reason alone the summaries should be stricken, but the violation of Rule 1006 provides even more reason to do so. *See, e,g., Takeda Chemical Industries, Ltd. v. Mylan Laboratories, Inc.*, 2006 WL 44053, at *2, No. 03 Civ. 8253 (S.D.N.Y. Jan. 9, 2006) (DLC) (granting motion *in limine* to exclude portions of expert's testimony not included in expert reports).

Furthermore, the declarations themselves reek of hearsay and double hearsay since none of the declarants actually seem to have reviewed the underlying documents or compiled the summaries themselves, one of the declarations is not even dated, and the videos to which the summaries purport to pertain seem to have been chosen in the worst kind of arbitrary manner. Mobi cannot walk into evidence through the back door that which it could not bring in through the front – Mr. Vidich cannot be used as a vehicle to submit these summaries and charts without furnishing ASCAP with the underlying data and documents with a full opportunity to explore the basis, accuracy and veracity of the charts. Otherwise, the entire purpose of FRE 1006 would be vitiated. The Court should strike Table 1 and Appendices A-H from this proceeding.

II.   **The Third Party Testimony And Summary Charts Relied On By Vidich Are Inadmissible Hearsay, Outside The Scope Of A Permissible Expert's Report And Should Be Excluded From His Declaration**

In his declaration, Vidich includes verbatim replicas of four Third Party Declarations submitted for the truth of the matter contained therein concerning music video production. This effort at stretching the Federal Rules of Evidence far exceeds the hearsay exception that allows experts only to *base* their opinions on hearsay. Instead, Mobi tries to abuse this narrow exception to convert Vidich's Declaration into a conduit for otherwise impermissible hearsay testimony together with the new charts and summaries of data.[1]

---

[1] Even if Mobi were to provide ASCAP and this Court with the underlying data supporting the summary charts now, it is far too late in the process to be meaningful, and the Third Party Declarations would still constitute inadmissible

3

Although an expert may *rely* on hearsay as the basis of his opinion, it is entirely impermissible for an expert to simply *communicate or summarize* hearsay statements in his testimony to the trier of fact. *United States v. Mejia*, 545 F.3d 179, 199 (2d Cir. 2008) (finding expert's communication of hearsay statements inadmissible "beyond doubt" where he "simply summarized" the testimony and repeated out-of-court testimonial statements made by others). Where an expert restates a party's hearsay, offering no independent analysis, he functions merely as a conduit, ceases to give his own expert opinion and cannot seek refuge under the "relying on hearsay" exception. *Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 428-429 (S.D.N.Y. 2009) (excluding portions of expert's testimony that lacked any independent investigation or analysis and simply regurgitated hearsay); *see also In re Zyprexa Prods. Liability Litig. v. Eli Lilly & Co.*, 489 F. Supp. 2d 230, 288 (E.D.N.Y. 2007) (excluding expert's testimony where he had not looked at any key data nor conducted any independent analysis of the issues); *Gary Price Studios, Inc. v. Randolph Rose Collection, Inc.*, No. 03 Civ. 969 (CSH), 2006 WL 1319543, at *8 (S.D.N.Y. May 11, 2006) (granting motion to exclude expert testimony where court found expert was, in large measure, parroting the testimony of the plaintiff); *In re Med Diversified, Inc. v. Addus Healthcare, Inc.*, 334 B.R. 89, 100-02 (E.D.N.Y. 2005) (excluding expert testimony where expert testified that "he did not do any independent analysis of these companies, and did not independently analyze the data from the databases from which he derived his figures").

Here, Vidich's Declaration includes not only references but actually attaches the declarations of third parties that Mobi submits to try to prove the truth of the matter contained therein. (Paul Decl. at ¶¶ 3-4; Vidich Decl. at ¶¶ 23 – 30, 36; Table 1; Appendices A-H). Mr.

---

hearsay. Moreover, the information is of absolutely no relevance to these proceedings, but that point will be left for discussion at the pre-trial conference.

Vidich also relies impermissibly on hearsay testimony of record executives or findings from other proceedings (*Id.*, ¶¶ 23-26) in which neither ASCAP nor any composer or music publisher testified nor were represented, and he takes each of those statements completely out of context as if those proceedings were being re-litigated here. All of these statements were made out of court and the declarants have not been made available. Left without that, Mr. Vidich's otherwise bald assertions concerning music video finances fall flat.

Importantly, Mr. Vidich is not merely relying on this information – rather, Mobi is using his declaration as a conduit to introduce otherwise impermissible statements from Third Party Declarants that ASCAP has no opportunity to depose for veracity, basis or consistency. As such, the appendices, tables and paragraphs referred to in these hearsay statements should also be stricken from the Vidich Declaration, as should the corresponding paragraphs of his Declaration.

## III. Conclusion

For the reasons set forth above, this Court should strike paragraphs 23-30, 36, Table 1 and Appendices A-H of the Vidich Declaration because these paragraphs, tables and appendices rely on data never provided to ASCAP, violate FRE 1006 and the hearsay rules, and constitute an impermissible attempt by Mobi to introduce inadmissible hearsay statements under the veil of an expert declaration, violating the hearsay rules and FRE 703.

Dated: New York, New York
March 24, 2010

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: _____
David Leichtman (DL 7233)
Hillel I. Parness (HP 1638)
Bryan J. Vogel (BV 7771)
Oren D. Langer (OL 5962)
499 Park Avenue
New York, New York 10022
T: (212) 980-7400
dleichtman@rkmc.com
hiparness@rkmc.com
bjvogel@rkmc.com
odlanger@rkmc.com
-and-

Richard H. Reimer, Esq. (RR 7878)
Christine A. Pepe, Esq. (CP 5688)
One Lincoln Plaza
New York, New York 10023
T: (212) 621-6200
rreimer@ascap.com

*Attorneys for American Society of Composers, Authors and Publishers*